UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OLIVERIO ALBERTO )
PERRY-TORRES, )
 )
      Plaintiff, )
 )
      v. )   Civ. Action No. 04-1046 (RJL)
 )
U.S. DEPARTMENT OF STATE, )
 )
      Defendant. )

### MEMORANDUM OPINION AND ORDER
(September 19, 2005) [# 4]

This is an action brought by plaintiff, Oliverio Alberto Perry-Torres ("Perry-Torres"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 *et seq.*, as amended, seeking documents withheld by defendant, the United States Department of State. Presently before the Court is defendant's motion for summary judgment. After consideration of the parties' submissions, the relevant law, and the entire record herein, the defendant's motion is GRANTED in part and DENIED in part.

### I. BACKGROUND FACTS

Perry-Torres is a Colombian national who has submitted several visa applications to the American Embassy ("Embassy") in Bogotá, Colombia to visit his family currently living in the United States. *See* Pl.'s Resp. to Def.'s Mot. for Summ. J. at 2. Each application has been denied based on allegations that Perry-Torres is an illicit drug trafficker. *Id.* Plaintiff made a FOIA request through the agency charged with handling these matters, the



Information Programs Services ("IPS"), to try to obtain a better understanding of the basis for the denial of his applications. *Id.* In response, the IPS searched two locations: the Office of Visa Services ("VO") and the Embassy. Def.'s Mot. for Summ. J. at 2. Nearly ten months after plaintiff's request, he was informed that a search of the VO records revealed five documents totaling ten pages, which, he was told, were being withheld in their entirety pursuant to Exemption (b)(3) of FOIA, *see* 5 U.S.C. § 552(b)(3) (2000), and Section 222(f) of the Immigration and Nationality Act ("INA"). *Id.* Perry-Torres timely appealed this decision and his appeal was denied by the Appeals Review Panel. *Id.*

More than two years after the plaintiff's initial FOIA request, a search of the Embassy was conducted, revealing another five documents. Pl.'s Resp. to Def.'s Mot. for Summ. J. at 3. Plaintiff was told that four of the documents were being withheld in their entirety under Exemption (b)(3) of FOIA, but the last document, Perry-Torres's visa application, was released with excisions. *Id.* Unlike the documents found at the VO, however, Perry-Torres did not appeal IPS's decision to withhold the four documents found at the Embassy. Def.'s Mot. for Summ. J. at 3.

## II. ANALYSIS

**A.  Summary Judgment and Freedom of Information Act.**

Summary Judgment should be granted when the pleadings and the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A federal agency moving for summary

judgment in a FOIA action must prove, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact with respect to its compliance with FOIA. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

To comply with FOIA, every federal agency must make its records promptly available to any person so long as the request "reasonably describes such records." 5 U.S.C. § 552(a)(3) (2000). FOIA reflects a general view that there should be full agency disclosure, but also provides for several exemptions to protect "legitimate governmental or private interests." *Assassination Archives and Research Ctr. v. CIA*, 334 F.3d 55, 57 (D.C. Cir. 2003) (quoting *Summers v. Dep't of Justice*, 140 F.3d 1077, 1079 (D.C. Cir. 1998)). The Court reviews an agency's refusal to disclose requested documents *de novo*. 5 U.S.C. § (a)(4)(B) (2000).

The moving party may meet their burden for summary judgment by relying on affidavits or declarations along with any other evidence. FED. R. CIV. P. 56(e). These affidavits or declarations must describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). These affidavits may be submitted by an official who coordinated the search, and need not be from each individual who participated in the search. *See SafeCard Servs. v. SEC*, 926

F.2d 1197, 1200 (D.C. Cir. 1991).

In opposing a motion for summary judgment, a plaintiff must offer more than conclusory statements. *Broaddrick v. Executive Office of President*, 139 F. Supp. 2d 55, 65 (D.D.C. 2001) (citing *Laningham v. United States Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987)). Indeed, a plaintiff must establish that either: (1) the *Vaughn* index does not establish that the documents were properly withheld; (2) the agency has improperly claimed an exemption as a matter of law; or (3) the agency has failed to segregate and disclose all non-exempt material in the requested documents. *Twist v. Ashcroft*, 329 F. Supp. 2d 50, 53 (D.D.C. 2004) (citing *Piper & Marbury, L.L.P. v. United States Postal Serv.*, 2001 WL 215127, at *2 (D.D.C. Mar. 6, 2001)).

**B.    The Plaintiff has Failed to Exhaust Administrative Remedies with Respect to the Documents Found at the American Embassy.**

As noted previously, the defendant searched both the VO and the Embassy in response to the plaintiff's FOIA request. Def.'s Mot. for Summ. J. at 2. The search of the Embassy revealed four documents that were withheld in their entirety and one document that was released with excisions pursuant to Exemption (b)(3) of FOIA. *Id.* at 2-3.

Plaintiff now seeks full disclosure of these documents. Judicial review of a FOIA request, however, is only appropriate if the plaintiff has exhausted all administrative remedies. *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990); *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003); *Sinito v. United States Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999). And, it necessarily follows that a FOIA suit

should be dismissed if the plaintiff has failed to do so. *Hidalgo* F.3d at 1260; *see Dettman v. United States Dep't of Justice*, 802 F.2d 1472, 1477 (D.C. Cir. 1986). Here, plaintiff failed to appeal the defendant's decision to withhold the documents found at the Embassy. Def.'s Mot. for Summ. J. at 3. Accordingly, the defendant's motion is GRANTED with respect to the documents sought from the American Embassy.

**C.  Defendant Properly Invoked Exemption (b)(3) of FOIA as a Matter of Law.**

The plaintiff also seeks five documents from the VO, totaling ten pages, which the defendant has withheld pursuant to Exemption (b)(3) of FOIA. Exemption (b)(3) of FOIA allows an agency to withhold information prohibited from disclosure by another statute, if that statute: "(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3) (2000). Thus, this exemption applies if a disclosure-prohibiting statute exists and the withheld information falls within the coverage of the statute. *See CIA v. Sims*, 471 U.S. 159, 167 (1985); *Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 866-69 (D.C. Cir. 1981). Indeed, "[the court] do[es] not closely scrutinize the contents of a withheld document; instead, [it] determine[s] only whether there is a relevant statute and whether the document falls within that statute." *Krikorian v. Dep't of State*, 984 F.2d 461, 465 (D.C. Cir. 1993). With respect to the second part of the exemption analysis, "[i]f the factual nature of the documents were so clearly established on the record, then the court would inquire no further

and would make the legal ruling as to whether they fit within the defined exemption or exemptions." *Vaughn v. Rosen*, 484 F.2d 820, 824 (D.C. Cir. 1973).

In this case, Section 222(f) of the INA qualifies as a disclosure-prohibiting statute under both subsection (A) and (B) of Exemption (b)(3) of FOIA. *See Medina-Hincapie v. Dep't of State*, 700 F.2d 737, 740-43 (D.C. Cir. 1983); *Church of Scientology of Cal. v. Dep't of State*, 493 F. Supp. 418, 423 (D.D.C. 1980) (holding that State Department records pertaining directly to a refusal to issue entry Visa were properly withheld pursuant to Exemption (b)(3) of FOIA). Section 222(f) of the INA states that "[t]he records of the Department of State and of the diplomatic and consular offices of the United States pertaining to the issuance or refusal of visas or permits to enter the United States shall be considered confidential . . . ." 8 U.S.C. § 1202(f) (2000). Section 222(f) includes not only the information supplied by the visa applicant, but also any "information revealing the thought-processes of those who rule on the application." *Medina-Hincapie*, 700 F.2d at 744.

The defendant maintains that the five documents found at the VO "relate[] directly to the issuance or refusal of a visa or permit to enter the United States . . . ." Grafeld Decl. ¶ 8. This type of information clearly falls within the scope of Section 222(f), prohibiting disclosure of any information pertaining to the issuance or refusal of visas. *See Medina-Hincapie*, 700 F.2d at 740-43. Accordingly, the Court concludes that the defendant has properly withheld information regarding the denial of plaintiff's visa application pursuant to Exemption (b)(3) of FOIA and Section 222(f) of the INA.

6

**D.     Defendant has Failed to Adequately Address the Segregability of the Withheld Documents Found at the VO.**

Finally, plaintiff has obliquely argued that portions of the five documents found at the VO contain information that is segregable, and thus releasable, from the information exempt under Exemption (b)(3) of FOIA. Pl.'s Resp. at 6. FOIA requires that the government provide the requestor all information that is not exempt from disclosure and is "reasonably segregable." 5 U.S.C. § 552(b) (2000). Indeed, "[t]he focus of FOIA is information, not documents, and an agency cannot justify withholding an entire document simply by showing that it contains some exempt material." *Mead Data Cent., Inc. v. United States Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977); *Krikorian*, 984 F.2d at 467. Therefore, any non-exempt portions must be disclosed unless they are "inextricably intertwined with exempt portions." *Mead Data*, 566 F.2d at 260.

To show that all "reasonably segregable" material has been released, the government "must provide a detailed justification for its non-segregability . . . ." *Johnson v. Exec. Office for United States Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002) (internal quotation omitted). However, the agency must not provide a justification that would "compromise the secret nature of potentially exempt information." *Mead Data*, 566 F.2d at 261. In the final analysis, the Court "ha[s] an affirmative duty to consider the segregability issue *sua sponte*." *Trans-Pac. Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1028 (D.C. Cir. 1999); *see also Krikorian*, 984 F.2d at 467 (quoting *Powell v. United States Bureau of Prisons*, 927 F.2d 1239, 1242 n.4 (D.C. Cir. 1991) (holding that the district court errs by not

entering a finding on segregability of the withheld documents.).

The justification offered by the government in this case is inadequate. The government has submitted an affidavit from Margaret P. Grafeld, the U.S. Department of State's Information and Privacy Coordinator and the Director of the Department's Office of Information Programs and Services, with respect to the five documents retrieved from the VO and withheld in their entirety. The Grafeld Declaration only states that defendant performed a segregabilty analysis and determined that "[t]here is no non-exempt information in these documents which may be segregated and released." Grafeld Decl. at 11. Grafeld's Declaration is conclusory, and is neither supported with a detailed justification for the agency's reasoning nor with a description of the portion of the information that is non-exempt. *See, e.g., Mead Data*, 566 F.2d at 260 (holding that the segregability analysis concluding that there "were no factual portions . . . which could be reasonably segregated" was inadequate without more supporting justifications). Therefore, to the extent possible, the defendant must provide a more detailed explanation with respect to the segregability of each of the relevant documents so long as the explanation does not "compromise the secret nature" of the document. *Mead Data*, 566 F.2d at 260-61. At a minimum, the explanation should state that a line-by-line analysis of each document was conducted and that it was determined that no information can reasonably be segregated. *See Johnson*, 310 F.3d at 776; *Dorsett v. United States Dep't of Treasury*, 307 F. Supp. 2d 28, 40-41 (D.D.C. 2004); *Gutman v. DOJ*, 238 F. Supp. 2d 284, 296 (D.D.C. 2003). Moreover, the explanation must

include a specific finding for each document withheld. *See Animal Legal Defense Fund, Inc. v. Dep't of Air Force*, 44 F. Supp. 2d 295, 302 (D.D.C. 1999) ("[T]he Defendant shall not offer one finding for *all* documents.") (emphasis in original). Accordingly, the Court **DENIES** defendant's motion in part and orders the defendant to submit a renewed motion for summary judgment accompanied by an affidavit that solely addresses the segregability issue in accordance with the foregoing analysis.

## ORDER

In accordance with the foregoing, it is, this 19th day of September, 2005, hereby

**ORDERED** that defendant's motion for summary judgment [#4] is GRANTED in part. Defendant is granted summary judgment as it pertains to the documents found at the American Embassy. Summary Judgment is denied as it pertains to the documents found at the VO; and it is further

**ORDERED** that defendant shall file a renewed motion for summary judgment within 30 days of this Order, which shall include an affidavit or other documentation setting forth its segregability analysis as it relates to the documents found at the VO; and it is further

**ORDERED** that plaintiff may file a response to the defendant's pleading within 15 days after the defendant's pleading is filed.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge