UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 29 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

OLIVERIO ALBERTO )
PERRY-TORRES, )
 )
    Plaintiff, )
 )
v. ) Civ. Action No. 04-1046 (RJL)
 )
U.S. DEPARTMENT OF STATE, )
 )
    Defendant. )

## MEMORANDUM OPINION
(September 29, 2006) [# 11]

Plaintiff, Oliverio Alberto Perry-Torres, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 *et seq.*, as amended, seeking documents withheld by defendant, the United States Department of State. Currently before the Court is defendant's Renewed Motion for Summary Judgment. Upon due consideration of the parties' submissions, the relevant law, and the entire record herein, the defendant's Motion is GRANTED.

### BACKGROUND[1]

Plaintiff is a Colombian national who has submitted several visa applications to the American Embassy ("Embassy") in Bogotá, Colombia to visit his family currently living in the United States. (*See* Compl. ¶ 4.) According to plaintiff, each of his applications has been

---

[1] The "Background" section of this Memorandum Opinion has been adapted from this Court's earlier Memorandum Opinion in *Perry-Torres v. U.S. Dep't of State*, 404 F. Supp. 2d 140 (D.D.C. 2005).

1

denied based on allegations that he is an illicit drug trafficker. (*Id.*; Pl.'s Resp. to Def.'s Mot. Summ. J. ("Pl.'s Opp'n") at 2.) Plaintiff made a FOIA request through the Information Programs Services ("IPS"), the agency charged with handling these matters, to try to obtain a better understanding of the basis for the denial of his applications. (Pl.'s Opp'n at 2.) In response, the IPS searched two locations: the Office of Visa Services ("VO") and the Embassy. (Def.'s Mot. Summ. J. at 2.) Nearly ten months after plaintiff's request, he was informed that a search of the VO records revealed five documents totaling ten pages which, he was told, were being withheld in their entirety pursuant to Exemption (b)(3) of FOIA[2] ("Exemption (b)(3)"), *see* 5 U.S.C. § 552(b)(3), and Section 222(f) of the Immigration and Nationality Act[3] ("INA"), *see* 8 U.S.C. § 1202(f). (Def.'s Mot. Summ. J. at 2.) Plaintiff timely appealed this decision and his appeal was denied by the Appeals Review Panel. (*Id.* at 2.)

More than two years after plaintiff's initial FOIA request, a search of the Embassy was conducted, revealing another five documents. (Pl.'s Opp'n at 3.) Plaintiff was told that four of the documents were being withheld in their entirety under FOIA Exemption (b)(3),

---

[2] FOIA Exemption (b)(3) protects from disclosure materials that are "specifically exempted from disclosure by statute . . . provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3).

[3] Section 222(f) of the INA states that "[t]he records of the Department of State and of the diplomatic and consular offices of the United States pertaining to the issuance or refusal of visas or permits to enter the United States shall be considered confidential." 8 U.S.C. § 1202(f). Section 222(f) includes not only the information supplied by the visa applicant, but also any "information revealing the thought-processes of those who rule on the application." *Medina-Hincapie v. Dep't of State*, 700 F.2d 737, 744 (D.C. Cir. 1983).

but the last document, plaintiff's visa application, was released with excisions. *Id.* Unlike the documents found at the VO, however, plaintiff did not appeal IPS's decision to withhold the four documents found at the Embassy. (Def.'s Mot. Summ. J. at 3.)

On September 19, 2005, this Court issued a Memorandum Opinion granting defendant's original Motion for Summary Judgment with respect to the documents found at the Embassy due to plaintiff's failure to exhaust his administrative remedies. *Perry-Torres*, 404 F. Supp. 2d at 143. The Court did not, however, grant defendant's Motion with respect to the five responsive documents found at the VO. *Id.* at 145. Although the Court held as a matter of law that defendant properly invoked Exemption (b)(3) and Section 222(f) of the INA to withhold the materials, it nonetheless found that defendant failed to provide a sufficiently detailed justification as to why certain *portions* of the five responsive documents could not be segregated and released to plaintiff. *Id.* at 144. Accordingly, the Court ordered defendant to file a renewed motion for summary judgement "accompanied by an affidavit that solely addresses the segregability issue in accordance with the [Court's] analysis." *Id.* at 145.

## ANALYSIS

**I.    *Summary Judgment and the Freedom of Information Act***

As stated in the Court's September 19, 2005, Memorandum Opinion addressing the defendant's original Motion for Summary Judgment in this case, *see Perry-Torres*, 404 F. Supp. 2d at 142, summary judgement should be granted when the pleadings and the record

"show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law." Fed. R. Civ. P. 56(c). A federal agency moving for summary judgment in a FOIA action must prove, viewing the facts in the light most favorable to the requester, that there is "no genuine issue of material fact" with respect to its compliance with FOIA. *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (citing *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

In opposing a motion for summary judgment, a plaintiff must offer more than conclusory statements. *Broaddrick v. Executive Office of President*, 139 F. Supp. 2d 55, 65 (D.D.C. 2001) (citing *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987); *Exxon v. F.T.C.*, 663 F.2d 120, 126-27 (D.C. Cir. 1980)). Indeed, a plaintiff must establish that either: (1) the *Vaughn* index[4] does not establish that the documents were properly withheld; (2) the agency has improperly claimed an exemption as a matter of law; or (3) the agency has failed to segregate and disclose all non-exempt material in the requested documents.[5] *Twist v. Ashcroft*, 329 F. Supp. 2d 50, 53 (D.D.C. 2004) (citing *Piper & Marbury, L.L.P. v. United States Postal Serv.*, No. CIV.A. 99-2383, 2001 WL 215127, at *2 (D.D.C. Mar. 6, 2001)), *aff'd sub nom. Twist v. Gonzales*, 171 F. App'x 855 (D.C. Cir. 2005)).

---

[4] In *Vaughn v. Rosen*, 484 F.2d 820, 824, 826-27 (D.C. Cir. 1973), our Circuit Court required that a non-disclosing party provide an itemized log of documents that correlates statements made in an agency's refusal justification with the actual document or portion of the document withheld under a specific FOIA exemption. This log has become known as a "Vaughn index."

[5] FOIA requires that any "reasonably segregable portion" of a record must be provided to a requesting individual after the sections qualifying under Exemption (b) are deleted. 5 U.S.C. § 552(b); *see also Dorsett v. U.S. Dep't of Treasury*, 307 F. Supp. 2d 28, 40 D.D.C. 2004).

As this Court has already held that defendant "[p]roperly [i]nvoked Exemption (b)(3) of FOIA as a [m]atter of [l]aw" with regard to the documents sought from the VO, the sole issue before the Court is whether the documents contained "reasonably segregable material," *see Johnson v. Exec. Office for the U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002), that defendant should have disclosed to plaintiff in response to his request. In this context, defendant may satisfy its burden of "demonstrat[ing] that all reasonably segregable material has been released," by providing a "detailed justification" for the non-segregability of the exempt material. *Johnson*, 310 F.3d at 776; *see also Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260-61 (D.C. Cir. 1977). In support of its position, an agency may rely on affidavits or declarations that describe—with "reasonable specificity"—why portions of the documents could not be segregated and disclosed to the requester. *Armstrong v. Exec. Office of the President,* 97 F.3d 575, 578 (D.C. Cir. 1996); *see also Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C. Cir. 1981). The affidavits may be submitted by an official who coordinated the search, and need not be from each individual who participated in the search. *See SafeCard Servs. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991).

**II.     *Segregability of the Documents Found at the VO***

In its September 19, 2005 Memorandum Opinion, this Court recognized that plaintiff has obliquely argued that portions of the five documents found at the VO contain information that is segregable, and thus releasable, from the information exempt under Exemption (b)(3) of FOIA. *See Perry-Torres*, 404 F. Supp. 2d at 144. FOIA requires that the government

provide the requester all information that is not exempt from disclosure and is "reasonably segregable." 5 U.S.C. § 552(b). Indeed, "[t]he focus of FOIA is information, not documents, and an agency cannot justify withholding an entire document simply by showing that it contains some exempt material." *Mead Data*, 566 F.2d at 260; *Krikorian v. Dep't of State*, 984 F.2d 461, 467 (D.C. Cir. 1993). Therefore, any non-exempt portions must be disclosed unless they are "inextricably intertwined with exempt portions." *Mead Data*, 566 F.2d at 260.

While, as recognized above, an agency must proved a "detailed justification" for the non-segregability of any withheld material, the agency must not provide a justification that would "compromise the secret nature of potentially exempt information." *Mead Data*, 566 F.2d at 261. Thus, even though "[t]he segregability requirement applies to all documents and all exemptions in the FOIA," *Krikorian*, 984 F.2d at 466, a court's review of the segregability issue under Exemption (b)(3) differs from the review required in relation to the Act's other exemptions, *see Goland v. CIA*, 607 F.2d 339, 350 (D.C. Cir. 1979). Whereas FOIA's eight other exemption provisions are explicit with regard to the categories of material they exempt from production, Exemption (b)(3) differs "in that its applicability depends less on the detailed factual contents of specific documents; the sole issue for decision is the existence of a relevant statute and the inclusion of withheld material within the statute's coverage." *Goland*, 607 F.2d at 350. When material is withheld under Exemption (b)(3), the scope of the exemption is not provided in the text of FOIA itself, but rather by the disclosure-

prohibiting statute made applicable by Exemption (b)(3). *See Goland*, 607 F.2d at 350.

For the defendant to prevail in its Renewed Motion for Summary Judgement, it must establish that all of the information contained in the five records at issue falls within the scope of material exempted by Section 222(f) of the INA. When considering a similar set of circumstances to those in the present case, our Circuit Court in *Medina-Hincapie v. Department of State*, 700 F.2d 737, 742 (D.C. Cir. 1983), recognized that Section 222(f) requires the Department of State to withhold records "pertaining to the issuance or refusal of visas or permits to enter the United States."[6] The court in *Medina* ultimately held that Section 222(f) prevents visa applicants from obtaining any materials beyond those that had at one time or another been in the applicant's possession. *See* 700 F.2d at 742 n.20, 744 (noting that the Department of State had, prior to the court's decision, returned several documents to the applicant after it had determined that they had previously been in the applicant's possession and thus were not covered by the confidentiality limitation of Section 222(f)).

In support of its assertion that the five documents retrieved from the VO should be withheld in their entirety, the government originally submitted an affidavit containing the Declaration of Margaret P. Grafeld, the Department of State's Information and Privacy Coordinator and the Director of the Department's Office of Information Programs and

---

[6] In *Medina*, a Colombian national filed a FOIA request with the Department of State seeking records related to the denial of his visa request. *See* 700 F.2d at 739. The Department denied the FOIA request and refused to produce any documents, claiming that the documents were protected from disclosure by Exemption (b)(3) and Section 222(f) of the INA. *Id.*

Services. *Perry-Torres*, 404 F. Supp. 2d at 144. The Court found the Grafeld Declaration to be lacking in that it "is conclusory, and is neither supported with a detailed justification for the agency's reasoning nor with a description of the portion of the information that is non-exempt." *Id.* (citing *Mead Data*, 566 F.2d at 260 (holding that the segregability analysis concluding that there "were no factual portions . . . which could be reasonably segregated" was inadequate without more supporting justifications)).

When this Court ordered the defendant to file a renewed motion for summary judgment, the Court indicated that "at a minimum," the explanation expected with respect to the segregability of each of the relevant materials "should state that a line-by-line analysis of each document was conducted and that it was determined that no information can reasonably be segregated." *Id.* (citing *Johnson*, 310 F.3d at 776; *Dorsett*, 307 F. Supp. 2d at 40-41; *Gutman*, 238 F. Supp. 2d at 296). The Court also required that the defendant's explanation "include a specific finding for each document withheld." *Id.* at 145 (citing *Animal Legal Def. Fund*, 44 F. Supp. 2d at 295).

In its Memorandum supporting its Renewed Motion for Summary Judgment, defendant asserts that in accordance with *Medina*, the Department of State "does not release records pertaining to visa applications or denials . . . except for documents previously in the possession of the applicant." (Def.'s Renewed Mot. Summ. J. at 5). Pursuant to the Court's instruction, the defendant's Renewed Motion is accompanied by an affidavit in the form of the Second Declaration of Margaret P. Grafeld ("Second Grafeld Declaration"), which sets

forth the defendant's segregability analysis. (Second Grafeld Decl. ¶ 3.) The Second Grafeld Declaration states that, in compliance with the Department's policy with respect to visa application-related FOIA requests, the withheld documents "do not include any records that were previously in possession of [a visa] applicant . . . or any other reasonably segregable materials." (*Id.* ¶ 5.)

Furthermore, the affidavit is explicit in its attempt to address the segregability-related concerns raised by the Court in its September 19, 2005 Memorandum Opinion. Per this Court's instructions, the defendant gives each of the five documents individual treatment; Grafeld asserts that each document (1) was subjected to a "line-by-line review for the purpose of releasing any non-exempt information," (2) "consists of information that was used in the Department's adjudication of a visa application from" the defendant, and (3) "contains no information that may be reasonably segregated and released, such as visa applications or other records that were previously in the possession" of defendant. (*Id.* ¶¶ 5, 7, 9, 11, 13, 15.) The declaration is also specific as to the title of each document, the date that each was printed, and the date(s) of the information referenced in the document. (*Id.* ¶¶ 6, 8, 10, 12.)

Plaintiff contends that the justifications provided by defendant in the Second Grafeld Declaration "remain conclusory and vague, lacking the level of detail required by FOIA." (Pl.'s Opp'n at 2.) Accordingly, plaintiff requests that the Court exercise its authority to order in camera review of the documents so that it may distinguish between "information directly pertaining to the decision of denying the visa," which the plaintiff acknowledges to

9

be exempt, and "background information . . . about Mr. Perry-Torres' alleged criminal history," which the plaintiff contends should be produced. (*Id.* at 4.) The Court disagrees.

Although FOIA authorizes the Court to examine the contents of withheld agency records "in camera to determine whether such records or any part thereof shall be withheld," 5 U.S.C. § 552(a)(4)(B), our Circuit has established that the "decision whether to perform in camera inspection is left to the 'broad discretion of the trial court judge,'" *Lam Lek Chong v. DEA*, 929 F.2d 729, 735 (D.C. Cir. 1991) (quoting *Carter v. U.S. Dep't of Commerce*, 830 F.2d 388, 392 (D.C. Cir. 1987)). In the present case, in camera review of the documents is not necessary because defendant has carried its burden of "demonstrating that all reasonably segregable material has been released." *Johnson*, 310 F.3d at 776; *see also Mead Data*, 566 F.2d at 260-61. Thus, the Court is satisfied that the Second Grafeld Declaration both adequately describes the segregability analysis undertaken in relation to the five documents uncovered at the VO and provides sufficiently detailed justifications for the non-segregability of each document in its entirety.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's Renewed Motion for Summary Judgment. An appropriate Order will issue with this Memorandum Opinion.

RICHARD J. LEON
United States District Judge